```
1                IN THE UNITED STATES DISTRICT COURT

2                FOR THE SOUTHERN DISTRICT OF TEXAS

3                          HOUSTON DIVISION

4   UNITED STATES                  §   CASE NO. 4:22-cr-440
                                   §   HOUSTON, TX
5   VERSUS                         §   FRIDAY,
                                   §   OCTOBER 14, 2022
6   SOHIL USMANGANI VAHORA         §   2:21 p.m. to 2:42 p.m.

7                   COUNSEL DETERMINATION HEARING

8              BEFORE THE HONORABLE YVONNE Y. HO
                  UNITED STATES MAGISTRATE JUDGE
9
                             APPEARANCES:
10

11       FOR THE PARTIES:            SEE NEXT PAGE

12       COURT REPORTER:             KIMBERLY PICOTA

13       COURT CLERK:                SAMANTHA WARDA
```

TRANSCRIPTION SERVICE BY:

Veritext Legal Solutions
330 Old Country Road, Suite 300
Mineola, NY 11501
Tel: 800-727-6396 ▼ www.veritext.com

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

```
 1                        APPEARANCES:

 2   FOR THE PLAINTIFF:        OFFICE OF U.S. ATTORNEY
                               Stephanie Coon Bauman
 3                             1000 Louisiana
                               Suite 2300
 4                             Houston, TX 77002
                               713-567-9419
 5

 6   FOR THE DEFENDANT:        SOHIL USMANGANI VAHORA
                               Pro Se
 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
1            HOUSTON, TEXAS; FRIDAY, OCTOBER 14, 2022; 2:21 PM
2              CLERK:  --422-cr-1.  United States versus Sohil
3    Usmangani Vahora.
4              MS. BAUMAN:  Stephanie Bauman for the United States,
5    Your Honor.
6              THE COURT:  Good afternoon.  Good afternoon, Mr.
7    Vahora.
8              MR. VAHORA:  Good afternoon.
9              THE COURT:  Let the record reflect that the
10   proceedings -- do you need an interpreter?
11             MR. VAHORA:  No, I should be good.  I have some parts
12   for -- which I don't understand (indiscernible) but I should be
13   good.
14             THE COURT:  Okay.  I mean, if --
15             MR. VAHORA:  (Indiscernible).
16             THE COURT:  If you get confused, just stop me and
17   then you can talk with the interpreter.  All right?
18             INTERPRETER:  Could I just stand by, Judge?
19             THE COURT:  Yes.  Please.
20             INTERPRETER:  Okay.
21             THE COURT:  Okay.  All right. The purpose of today's
22   proceeding is to advise you of the charges against you, to
23   advise you about your rights, to consider the question of
24   counsel, to consider the conditions of your release if any, and
25   to set a date for your next court appearance.
```

1        Have you received a copy of the indictment that was
2   filed?
3        MR. VAHORA:  This is a copy and I --
4        THE COURT:  Okay.  I'm going to explain the charges
5   to you.
6        MS. BAUMAN:  Your Honor, if I may -- I hate to
7   interrupt -- but detention was decided in the Northern District
8   of Illinois so there should not be any release or detention
9   situation in this.
10       THE COURT:  Okay.  Yeah.  I haven't had a chance to
11  look at the rule 5 documents.  I understand you made a court
12  appearance in Illinois.  Is that correct?
13       MR. VAHORA:  Yes, ma'am.
14       THE COURT:  Were you represented by counsel in --
15  during that appearance?  Did you have an attorney with you?
16       MR. VAHORA:  Yes, yes.
17       THE COURT:  Okay.  Do you have -- are you -- do you
18  need an attorney appointed for you?
19       MR. VAHORA:  Yes, ma'am.
20       THE COURT:  Okay.  All right.  We will get there.
21  Let me -- so, I have a -- let me confirm that I have a copy of
22  an indictment.  Has it been unsealed?
23       MS. BAUMAN:  Yes, Your Honor.  It is unsealed.
24       THE COURT:  Okay.  Fully unsealed?
25       MS. BAUMAN:  Yes, Your Honor.

1             THE COURT: All right. I just want to make sure
2   before I say something in the court. All right. This
3   indictment alleges -- let's see -- one, two -- I guess -- okay.
4   There are a total of 11 counts in the indictment, and the first
5   count is for conspiracy to commit mail fraud and wire fraud.
6             According to the government, on or around January
7   2017 and continuing through about August 2020, within the
8   Southern District of Texas and elsewhere, that you together
9   with other people that were known and unknown to the grand jury
10  knowingly conspired and agreed with at least one other person
11  to commit certain offenses, and these are the offenses that the
12  government alleges.
13            That you knowingly devised and intended to devise a
14  scheme and artifice to defraud for obtaining money and property
15  by using materially false and fraudulent representations or
16  pretenses while knowing that those pretenses, representations
17  were false and fraudulent when they were made and to knowingly
18  use and cause to be used the United States mail and private and
19  commercial interstate carriers for the purpose of executing
20  this scheme to defraud in violation of 18 USC 1341 which is no
21  (indiscernible) action.
22            As another alleged conspiracy underlying offense, the
23  government alleges that you knowingly devised and intended to
24  device a scheme and artifice to defraud to obtain money and
25  property by using materially false and fraudulent

1    representations, pretenses while knowing that those pretenses,
2    representations, and promises were false and fraudulent when
3    they were made and to knowingly use and cause to be used the
4    interstate and foreign wire communication facility to carry out
5    the scheme to defraud in violation of the wire fraud statute
6    which is 18 U.S.C 1343.
7             The indictment also details what they allege is the
8    manner and means of executing this conspiracy or scheme.  It
9    alleges that co-conspirators made phone calls to victims
10   throughout the United States, including within the Southern
11   District of Texas, and made false statements claiming that the
12   caller worked for the United States government, that the
13   victims were under investigation by the United States
14   government and that they could avoid any further investigation
15   by sending payment.  And the government alleges that the
16   callers would then instruct the victims to purchase gift cards
17   and provide redemption codes to the (indiscernible) over the
18   phone for mail, cash through private mail carriers like FedEx.
19            And the government says that, you know, when there's
20   a -- that when the gift care was purchased, a member of the
21   conspiracy as acting as a handler would use cellular signals to
22   send the redemption code to another member of this -- of the
23   conspiracy acting as a runner so that that runner could then
24   use the gift card at a retail location in the United States,
25   and those were allegedly used at different locations -- retail

1  locations throughout the U.S.
2          And it alleges that when the victims mailed cash,
3  some of those were mailed to FedEx locations inside various
4  Walgreen's drug store locations, including some (indiscernible)
5  Texas, and in those instances, the government claims that a
6  handler would then send a runner to pick up the parcel using a
7  false identification document that matched the name of the
8  recipient on the parcel and then when the runner had it -- had
9  the parcel, that runner would make a video recording counting
10 the amount of cash in the parcel and send that video to other
11 co-conspirators including the handlers.  And after taking a cut
12 of the proceeds of that cash, the runner would then deliver the
13 remaining cash to others that were involved in this scheme.
14         The government alleges a number of overt acts,
15 meaning acts taken to advance the purpose of the conspiracy.
16 It alleges that in August 2019, there was a co-conspirator --
17 they're called -- this reference says Victim G.S. in New York
18 city in New York -- that claimed to be calling from a social
19 security administration and falsely claimed that the Victim
20 G.S. had a social security number that had been compromised and
21 used to commit crimes, and at the direction of a co-
22 conspirator, this Victim G.S. was told to mail a parcel
23 containing cash addressed to a Barak Moraz at a FedEx location
24 inside a store in eastern Texas -- a Walgreen's store.
25         And then the status was allegedly tracked by you and

1   then on or around August 9th of 2019, an unindicted co-
2   conspirator who is a runner allegedly managed by you entered
3   that Walgreen's store, presented a false ID with the name Barak
4   Moraz and was given that parcel.
5            There are other allegations of overt acts, one
6   involving a victim R.E. in Coral Gables, Florida.  He was
7   allegedly called by an unindicted co-conspirator who claimed
8   that R.E. had been a victim of identity theft, needed to send
9   the money to resolve the identify issues and the R.E. was
10  instructed to mail parcels with cash, one which was addressed
11  to Eric Thomas at a FedEx location Houston.  Another was
12  addressed to Eric Thomas at a location in Missouri City, Texas.
13           The government alleges that you tracked the location
14  of the parcel -- the first parcel -- and that a runner managed
15  by you entered a Walgreen's store, presented a false ID in the
16  name of Eric Thomas and was given that parcel that was mailed
17  by Victim R.E. and that the same thing happened with parcel
18  number two.  That you allegedly managed a runner on or around
19  September 19th, 2019, to enter the Walgreen store in Missouri
20  City, Texas, presented the false ID with the name Eric Thomas
21  and take the parcel number two that was mailed by Victim R.E.
22           Let's see.  There is -- you were also referenced in
23  allegations concerning a victim identified as H.R.  The
24  government alleges around July 2020, there was an indicted co-
25  conspirator who called that victim, H.R., in Corpus Christi,

```
 1  Texas, falsely claiming to be calling from a government agency.
 2  And at the co-conspirator's direction that H.R. was mailed a
 3  parcel containing cash addressed to Rock Cohen at a FedEx
 4  location inside a Walgreen's store in Munster, Indiana.
 5            And the government alleges that on or around July 31,
 6  2020, that an unindicted co-conspirator who's a runner managed
 7  allegedly by you to enter that Walgreen store in Indiana,
 8  present a false ID with the name Rock Cohen and was -- and took
 9  the parcel that Victim H.R. had mailed.
10            There's also a Victim T.V.  Starting on or around
11  July 30 or 31, 2020, it alleges that the unindicted co-
12  conspirator called Victim T.V. in Spring, Texas, got a call
13  from the Treasury Department falsely claiming that her social
14  security number was associated with money laundering and drug
15  trafficking and that money was needed for the investigation.
16  As the victim allegedly followed the instructions of that co-
17  conspirator and mailed the parcel containing cash addressed to
18  Frank Plots to a FedEx location inside a Walgreen's store at
19  Valparaiso, Indiana.
20            It alleges that on or around August 3rd, 2020, that a
21  runner that was managed by you entered that Walgreen's store in
22  Indiana, presented a false ID with the name Frank Plots and was
23  given that parcel mailed by the victim.
24            And then another date concerning a victim identified
25  as J.F.  On or around June 10th, 2020, an indicted co-
```

1  conspirator called that victim J.F. in Houston falsely claiming
2  to be a representative of a computer tech support company and
3  convinced J.F. that he had been overpaid a refund and was told
4  to mail a parcel containing cash addressed to Justin Hill at a
5  FedEx location inside a Walgreen's store in Racine, Wisconsin.
6          And the government claims that on August 6th, 2020,
7  that a runner managed by you entered that Walgreen's drug store
8  in Wisconsin, presented a false ID with the name Justin Hill
9  and took the parcel mailed by Victim J.F.  According to the
10 government, all this conduct violates 18 USC Section 1341.
11         Counts 2 through 10 allege specific instances of mail
12 fraud.  It alleges a number of dates on which you allegedly
13 executed a scheme and artifice to defraud to obtain money and
14 property by using materially false and fraudulent
15 representations and promises for the purpose of executing or
16 attempting to execute the scheme to defraud and then that you
17 used and caused to be used the U.S. mail and private and
18 commercial interstate carriers to send and deliver mail matter.
19 And so, there's a number of dates that are specified for mail
20 matter.  These are instances where victims allegedly were
21 instructed to send cash to various locations starting on August
22 9th, 2019, through -- the last instance listed here in count 10
23 is August 5th, 2020.  This conduct allegedly violates 18 U.S.C.
24 Section 1341 and 2.
25         Count 11 alleges a conspiracy to commit money

1    laundering.  According to the indictment, on or around January
2    2017 and continuing through on or around August 2020, within
3    the Southern District of Texas and in other places, that you
4    and others knowingly conspired with others that are known and
5    unknown to the grand jury to knowingly conduct and attempt to
6    conduct a financial transaction (indiscernible) and that
7    involved the proceeds of unlawful activity, specifically, mail
8    fraud and wire fraud, and did so while knowing the property
9    involved in the financial transaction represented the proceeds
10   of some form of unlawful activity and knowing that the
11   transaction was designed in whole or in part to conceal and
12   disguise the nature, location, source, ownership and control of
13   the proceeds of that unlawful activity.  This conduct allegedly
14   violates 18 U.S.C. Section 1956(h).
15           The government is also seeking forfeiture and that
16   means that in the event that you are convicted of these
17   offenses, the government is requesting that you be required to
18   forfeit to the United States all property, real or personal,
19   that constitutes or is derived from proceeds that are traceable
20   to the offenses.  And this pertains to both -- actually, the
21   allegations of conspiracy -- both allegations of conspiracy --
22   as well as the counts for mail fraud.
23           And the government says that it will seek a money
24   judgment against you.  If the federal law permits, it will seek
25   to forfeit any other property in substitution for the total

1    value of the property that is subject to forfeiture dating back
2    to when you were convicted.
3              Ms. Bauman, what is the potential penalty range for
4    these offenses?
5              MS. BAUMAN:  Yes, Your Honor.  For counts 1 through
6    10, the conspiracy to commit mail and wire fraud and the counts
7    of mail fraud, the possible punishment is up to 20 years in
8    prison, up to a $250,000 fine, a supervised release term of up
9    to 3 years, and a $100 special assessment.
10             Regarding count 11, which was the conspiracy to
11   commit money laundering, the penalty range is up to 20 years in
12   prison, up to a $500,000 fine or twice the amount of the money
13   that was laundered, supervised release term of up to 3 years,
14   and a $100 special assessment.
15             THE COURT:  Now, Mr. Vahora, without telling me
16   whether you think the allegations are true, do you understand
17   what the government is claiming that you've done?
18             MR. VAHORA:  Yes.
19             THE COURT:  All right.  Now, I'm going to explain
20   your basic rights.
21             First of all, you have the right to remain silent.
22   If you make any statement, it could be used against you.
23   You're not on trial today.  You don't have to say anything to
24   me or to any court personnel about the facts in your case.  You
25   can be required to be a witness or to testify or to gather

1    witnesses and evidence.

2            You don't have to discuss the case with any law
3    enforcement officials or answer any of their questions.  If
4    you've already made a statement, you don't have to say anything
5    else.  If you start to make a statement later, you can stop at
6    any time.  If you talk to anyone other than your lawyer about
7    the case, that person could be forced to testify against you
8    even if he or she doesn't want to, and that's why the only
9    person you should talk to about your case is your attorney.
10   Anything you say to your attorney is privileged and it can't be
11   shared with anyone.

12           Do you understand your right to silence as I've
13   explained to you?

14           MR. VAHORA:  Yes.

15           THE COURT:  You also have the right to be represented
16   by an attorney at all stages in the case.  If you can't afford
17   an attorney, you can ask the Court to appoint one for you.  Are
18   you asking the Court to appoint an attorney for you?

19           MR. VAHORA:  Yes, Your Honor.

20           THE COURT:  All right.  To do that, I need to ask you
21   a few questions about your financial condition.  Can you please
22   raise your right hand?  Do you solemnly swear the information
23   you're about to give me about your financial condition is the
24   truth, the whole truth, and nothing but the truth?

25           MR. VAHORA:  Sure.

```
 1              THE COURT:  All right.  You can put your hand down.
 2   Have you had a job during the past four months?
 3              MR. VAHORA:  I was driving Uber.
 4              THE COURT:  Okay.  About how much did you earn each
 5   month from that job?
 6              MR. VAHORA:  (indiscernible) something.  Well, I got
 7   into accident before so I was unemployed.
 8              THE COURT:  Okay.  You said about 3,000?
 9              MR. VAHORA:  3,000.
10              THE COURT:  Okay.  For each month?  Do you have any
11   back accounts?
12              MR. VAHORA:  Yes, ma'am.
13              THE COURT:  About how much money is in the back
14   account?
15              MR. VAHORA:  Right now, it's probably about $1200.
16              THE COURT:  Do you own a car?
17              MR. VAHORA:  In accident.
18              THE COURT:  Oh, so, it is damaged.
19              MR. VAHORA:  It's all (indiscernible).
20              THE COURT:  Do you own a house or other property?
21              MR. VAHORA:  No, ma'am.
22              THE COURT:  All right.  Based on what you told me, I
23   find that you qualify for court appointed counsel.
24              We don't have an attorney on hand to represent you
25   today.  What we will have to do to reset what's called a
```

1  counsel determination hearing.  And we will make sure to
2  appoint you an attorney to represent you at all stages in this
3  case.
4          Ms. Warda, when can we get the counsel
5  (indiscernible)?
6          CLERK:  Carol -- there's (indiscernible) at one
7  o'clock, but she's telling me that we can just (indiscernible).
8          THE COURT:  Okay.
9          CLERK:  -- and then we'll have a (indiscernible).
10         THE COURT:  Okay.  All right.  So, the record shows
11 and the government has explained that you had a hearing when
12 you were arrested in Illinois --
13         MR. VAHORA:  Mm hmm.
14         THE COURT:  -- and -- to determine whether you should
15 be held in custody until trial.  Do you remember that hearing?
16         MR. VAHORA:  Kind of.
17         THE COURT: Kind of?  Okay.  Ms. Warda, is the order
18 in the drive?  Let me take a look at it.  Oh, here we go.
19 Order of detention.  Okay.  Yeah, support -- there is already
20 issued an order saying that you're going to be held in custody
21 until trial.
22         What we'll do is we will appoint you an attorney who
23 will then get in touch with you, and we'll get that order out
24 today so that you'll have an attorney present.  And then you'll
25 have an opportunity to talk to your attorney, and then at that

1    point, you know, we will proceed with other parts of the case,
2    including what they call an arraignment (indiscernible).  Do
3    you have a question?
4               MR. VAHORA:  Yes.  (indiscernible) for bond?
5               THE COURT:  No.  The court in Illinois already has
6    issued an order saying that you are to be detained -- held in
7    custody -- until the trial.
8               MR. VAHORA:  Like no bond?
9               THE COURT:  No bond.  Yeah.  That's what the order
10   says.
11              CLERK:  (indiscernible)
12              THE COURT:  Right.  And then -- yes.  Is there a
13   Brady order already?
14              CLERK:  Not --
15              THE COURT:  Well, I can't do the Brady order without
16   witness counsel present.  So, make a notation of that.
17              CLERK:  (Indiscernible).
18              THE COURT:  Okay.  So, on Monday at one o'clock,
19   you'll come back to court.  It'll be in front of a different
20   judge and at that point, you'll have counsel with you so that
21   you can meet.  And there'll be an opportunity to either explain
22   the charges again if necessary and then you can, at that point,
23   enter a plea.  And then you will get a schedule for the rest of
24   the case going forward.  All right?
25              MR. VAHORA:  Thank you, Your Honor.

```
 1              THE COURT:  All right.  Is there anything else that
 2   we can do for Mr. Vahor?
 3              MS. BAUMAN:  Nothing from the government, Your Honor.
 4              THE COURT:  Okay.  Thank you.  Thank you so much.
 5   You are excused.
 6              MR. VAHORA:  (Indiscernible).
 7         (Hearing adjourned at 2:42 p.m.)
 8                            * * * * *
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                    C E R T I F I C A T I O N
 2
 3        I, Sonya Ledanski Hyde, court-approved transcriber,
 4    certify that the foregoing is a correct transcript from the
 5    official electronic sound recording of the proceedings in the
 6    above-entitled matter.
 7
 8    [signature: Sonya M. Ledanski Hyde]
 9
10    Sonya Ledanski Hyde
11
12
13
14
15
16
17
18
19
20    Veritext Legal Solutions
21    330 Old Country Road
22    Suite 300
23    Mineola, NY 11501
24
25    Date:  May 21, 2025
```