```
 1                 IN THE UNITED STATES DISTRICT COURT

 2                FOR THE SOUTHERN DISTRICT OF TEXAS

 3                          HOUSTON DIVISION

 4   UNITED STATES                    §    CASE NO. 4:22-cr-440
                                      §    HOUSTON, TX
 5   VERSUS                           §    MONDAY,
                                      §    OCTOBER 16, 2023
 6   SOHIL USMANGANI VAHORA           §    1:01 p.m. to 1:11 p.m.

 7              INITIAL APPEARANCE OF MATERIAL WITNESS

 8         BEFORE THE HONORABLE CHRISTINA A. BRYAN
                   UNITED STATES MAGISTRATE JUDGE
 9
                           APPEARANCES:
10

11       FOR THE PARTIES:              SEE NEXT PAGE

12       ELECTRONIC RECORDING OFFICER: AARON JACKSON

13       COURT CLERK:                  MELISSA MORGAN

14

15

16

17

18

19

20

21              TRANSCRIPTION SERVICE BY:

22              Veritext Legal Solutions
                330 Old Country Road, Suite 300
23                   Mineola, NY 11501
             Tel: 800-727-6396 ▼ www.veritext.com
24

       Proceedings recorded by electronic sound recording; transcript
25              produced by transcription service.
```

```
 1                            APPEARANCES:

 2   FOR THE PLAINTIFF:            OFFICE OF U.S. ATTORNEY
                                   James Hileman
 3                                 1000 Louisiana
                                   Suite 2300
 4                                 Houston, TX 77002
                                   713-567-9419
 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1              HOUSTON, TEXAS; MONDAY, OCTOBER 16, 2023; 1:01 PM

 2              THE COURT:  Good afternoon everyone.  You may be

 3    seated.  All right.  First case is 4:22-cr-0440-1, United

 4    States v. WNAM, which are initials.

 5              CLERK:  Right this way, sir.

 6              MR. HILEMAN:  Good afternoon.  Jay Hileman, for the

 7    United States.

 8              THE COURT:  Good afternoon, Mr. Hileman.  Do we need

 9    to seal -- to the extent we use this individual's full name, at

10    this hearing, do we need to seal this record?

11              MR. HILEMAN:  Not to my knowledge.  I wasn't given

12    that instruction.

13              THE COURT:  Okay.  Sir, are you Mr. Waseem Nazir

14    Mankojiya?

15              MR. MANKOJIYA:  Yes, ma'am.

16              THE COURT:  All right.  Sir, you're here because

17    Judge Hanen issued a warrant for your arrest as a material

18    witness, and he has designated you or decided that you are a

19    material witness in a case which is in the Southern District of

20    Texas as 4:22cr440.  And it is United States v. Sohil Usmangani

21    Vahora, also known as Sam, also known as Bapu.

22              So you are not charged with a crime.  You're here

23    because you have personal knowledge of facts that are important

24    to the case that I just mentioned.  There is a statute called a

25    Material Witness Statute that is located at 18 United States
```

1    Code Section 3144.  And that statute provides that if there is

2    an affidavit by a party, that the testimony of the person is

3    material in a criminal proceeding, and if it is shown that it

4    may be impracticable to secure the presence of the person by

5    subpoena, a judicial officer may order the arrest of the person

6    and treat the person in accordance with the provisions of

7    Section 3142 of this title, which are the provisions that allow

8    the Court to detain an individual.  That's called the Bail

9    Reform Act.

10           A material witness cannot be detained because of an

11   inability to comply with a condition of release if the

12   testimony of such witness can adequately be secured by

13   deposition, and if further detention is not necessary to

14   prevent a failure of justice.  Release of a material witness

15   may be delayed for a reasonable period of time until the

16   deposition of the witness can be taken pursuant to the Federal

17   Rules of Criminal Procedure.

18           So again, let me repeat, you're not charged with any

19   crime.  You're here because your testimony is necessary for the

20   trial in United States v. Sohil Usmangani Vahora.  And both the

21   defendant in that case and the United States government have

22   the right to present your testimony to the judge or jury at

23   that trial.

24           Now, it's my understanding that Judge Hanen has

25   ordered Mr. -- could you pronounce your name for me, sir?

```
 1              MR. MANKOJIYA:  Waseem Mankojiya.

 2              THE COURT:  Mankojiya?

 3              MR. MANKOJIYA:  Mankojiya.

 4              THE COURT:  Mankojiya?  Thank you, Mr. Mankojiya.

 5   Judge Hanen has ordered him detained until the trial.  Is that

 6   correct?  And when is his trial --

 7              MR. MANKOJIYA:  (indiscernible)

 8              THE COURT:  Is his trial set at the end of October?

 9              MR. HILEMAN:  Yes, it is, Your Honor, but I believe

10   that our office is attempting to arrange a deposition anyway

11   because, you know, it could be postponed.

12              THE COURT:  Okay.  Okay.

13              MR. HILEMAN:  But we are asking that he be detained

14   at least until we can do the deposition.

15              THE COURT:  All right.  Okay.  Well, we'll come back

16   to that in just a second.  So I'm telling you what a material

17   witness is, what that means to be a material witness.  Again,

18   the trial is set for the end of October, but it may not take

19   place for several months if there is a continuance.  And,

20   again, you are -- you've been arrested and brought here because

21   it may not be possible to subpoena you to come to the

22   courthouse for that trial.  And I understand -- was he in ICE

23   custody?

24              MR. HILEMAN:  Well, he was in BOP custody, and when

25   he finished his sentence he was in ICE custody briefly.  There
```

1   is a detainer, but he would need to be released from ICE

2   custody so that he's not deported and be available for the

3   trial or the deposition.

4           THE COURT:  Okay.  Okay.  All right.  So, obviously,

5   Immigration could deport you, then you would not be available

6   for the trial, you would not be available as a material

7   witness.  So that's the purpose of Judge Hanen's order to

8   detain you.

9           As Mr. Hileman, the attorney for the United States,

10  mentioned, they are in the process of arranging for your

11  deposition.  Deposition is a proceeding at which you will

12  testify under oath.  You have the right to be represented by an

13  attorney at your deposition.  We're going to address the issue

14  of representation in just a moment.  Once your deposition is

15  taken and your testimony is secured, then we can arrange for

16  your release.  Do you understand that?

17          MR. MANKOJIYA:  Yes, ma'am.

18          THE COURT:  Okay.  But because you're in ICE custody,

19  until the deposition can be taken we have to keep you in

20  custody to prevent your deportation.

21          All right.  Let me tell you about the rights you have

22  as a material witness.  You have the right to remain silent.

23  You can never be forced to testify against yourself or provide

24  incriminating information against yourself.

25          However, if you have information about the case

1   against Mr. Sohil Usmangani Vahora, you will be required to

2   reveal what you know during the deposition.  If at any time

3   before the deposition you become a suspect in the case, then

4   you cannot be forced to testify against yourself, as it would

5   incriminate you.  In that case, you have the right to remain

6   silent and you cannot be forced to answer any questions in the

7   deposition.

8              As I mentioned, you have the right to be represented

9   by an attorney.  And I understand that in your prior case for

10  which you were serving a sentence, you were represented by the

11  Federal Public Defender's Office.  Is that correct?

12             MR. MANKOJIYA:  Yes, ma'am.

13             THE COURT:  All right.  And you were released from

14  custody and went immediately to ICE custody?  Is that correct?

15             MR. MANKOJIYA:  Yes, ma'am.

16             THE COURT:  Do you have any resources?  Since the

17  time you were appointed counsel in your own case, have you come

18  across any resources, money, property, that you would be able

19  to use to pay an attorney to represent you in this material

20  witness proceeding?

21             MR. MANKOJIYA:  I don't have any money.

22             THE COURT:  All right.  And do you swear that that is

23  a true statement that you're giving me, that your assets --

24  your financial condition is the same now as it was when you

25  were given representation by the Federal Public Defender in

1    your own case?

2           MR. MANKOJIYA:  Yes, ma'am.

3           THE COURT:  All right.  I find that you qualify for

4    court-appointed counsel.  I'm going to appoint the Federal

5    Public Defender's Office to represent you.  Mr. Ahmed is

6    counsel with the Federal Public Defender's Office.  And as I

7    said, you're entitled to have your counsel present during your

8    deposition.

9           Judge Hanen does want him detained until the time of

10   a deposition.  Is there anything the Court can do to help

11   facilitate getting his deposition set?

12          MR. AHMED:  Your Honor, I've been in touch with Ms.

13   Bauman.  I represented Mankojiya for a couple of years.  And I

14   wanted to ask, is there a written order from Judge Hanen

15   regarding bond, or is that...

16          THE COURT:  When you look at the arrest warrant, it

17   says you are further commanded to detain this witness until the

18   Court orders discharge from custody.  In addition to that, I've

19   contacted Judge Hanen, and he's confirmed that he wants the

20   witness held in custody to prevent a deportation.  And I think

21   as soon as the deposition occurs and the testimony is

22   preserved, then he can be released.

23          MR. AHMED:  Understood.  Nothing at this time from

24   the defense.

25          THE COURT:  Do you have any questions, sir?  I think

```
1    what we can do is set a status conference for 30 days from now

2    to find out -- to confirm that the deposition has occurred or

3    address any issues that we need to address at that time.  So

4    we'll calendar a status conference 30 days from now on the

5    material witness documents.

6              MR. AHMED:  And I don't want to overstep, but Ms.

7    Bauman and I have been discussing the case.  I think the

8    government's position is going to be unopposed as release on

9    bond.  The complic- -- eventually, once the ICE detainer is

10   lifted and there's a confirmation of his address, the

11   complication is that the deposition, even if it's scheduled,

12   may be opposed by the defense.  There's a second pending

13   criminal case in addition to the one cited by the Court.

14             THE COURT:  Okay.

15             MR. AHMED:  And so there may be a request for Mr.

16   Mankojiya to remain in the United States until that other case

17   goes to trial, because a deposition is not automatically

18   admissible at a trial.  There may be some (indiscernible)

19   clause arguments that prevent it.

20             So if this case drags on for, it could be six months

21   or a year, the government is -- my understanding is their

22   position will be that he will be allowed to be paroled into the

23   United States, given work authorization.  And there's a

24   judgment from Judge Hughes which requires him to give the

25   government notice -- three weeks' notice before he tries to
```

1    self-deport.

2             THE COURT:  Okay.  So, what you're telling me is you

3    may be back here to --

4             MR. AHMED:  Hopefully sooner.

5             THE COURT:  -- to get bond conditions.

6             MR. AHMED:  Yes.

7             THE COURT:  Okay.  All right.

8             MR. AHMED:  Thank you, Judge.

9             THE COURT:  Thank you.  You're all excused.

10        (Hearing adjourned at 1:11 p.m.)

11                              *  *  *  *  *

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1              C E R T I F I C A T I O N

2

3          I, Sonya Ledanski Hyde, court-approved transcriber,

4     certify that the foregoing is a correct transcript from the

5     official electronic sound recording of the proceedings in the

6     above-entitled matter.

7

8

9

10    Sonya Ledanski Hyde

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  May 21, 2025